The court summed up the evidence to the jury, and stated, that on the conflicting written titles, the plaintiff was entitled to recover by possession. His warrant was descriptive of the lands, and preceded the defendant’s two months. His survey was three days, elder than the warrant of Neff. The procuring of a patent before the day appointed for hearing of the caveat, must have been through oversight, mistake, or fraud, and cannot injure the plaintiff’s pretensions.
It remains then only to consider the unwritten evidence. Neff, during the revolutionary war, fixed himself within the known lines of Wallis’s survey, and builds a cabin. He accidentally clears a small spot over the line, cuts down a few trees, clears the place, and says he will erect a mill there. He is driven from the cove the succeeding year, returns in 1784, and neither in that year nor in 1785 does he prosecute his intentions. His home, during all the time, is with his father, at the distance of near four miles. When he finds that Wissinger’s warrant is taken out, and the survey about to be made, he bestows four days labour in digging a race. We would blush, if we said these different acts gave Neff an improvement right. The law of 30th December 1786, (2 St. Laws 488,) is declaratory of the ancient doctrine of improvements, truly understood; but the case of Neff has not one characteristic feature of an improvement, and it would be highly dangerous to the public security to give it that effect. Here is a mere clearing by mistake over ancient lines, without an actuál personal resident settlement, an intention of making it a place of abode, or the means of supporting a family. What signify his intentions of building a mill, not prosecuted ? *Or of what avail was the removal of the old cabin logs in the fall of 1786 ? We have no legal [*79 evidence of the former trial, or on what evidence the verdict passed; but if we had, though the former verdict is persuasive evidence, yet the jury are now bound to decide for themselves, on the testimony adduced.
It may possibly be that the defendant may have bought since the former trial, and in confidence of that verdict. But of this we have no evidence, and from what appears, we are bound to consider the defendant as Neff’s tenant.
Verdict, pro quer,;